People v McTiernan (2019 NY Slip Op 07346)





People v McTiernan


2019 NY Slip Op 07346


Decided on October 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2019

Renwick, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


10055 5272/07

[*1] The People of the State of New York, Respondent,
v
Kelly McTiernan, Defendant-Appellant.


Glenn A. Garber, PC, New York, (Glenn Garber of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Dana Poole of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered October 28, 2016, as amended November 4, 2016, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing defendant to a term of 20 years, unanimously affirmed.
Defendant's claim that the court incorrectly instructed the jury on the justified use of deadly physical force in the context of defending against a robbery is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal. In three places in its oral charge, as well as in a written charge given to the jury on consent, the court stated the correct standard regarding justifiable use of deadly physical force against a robber who is using ordinary physical force. However, at a fourth juncture in the oral charge, the court mistakenly referred to the robber's use of "deadly" physical force. This isolated misstatement in a charge that, viewed in its entirety, was correct, could not have affected the jury's verdict (see People v Drake, 7 NY3d 28, 34 [2006]).
In its charge on justified use of force against a robbery, the court correctly defined robbery by reading its Penal Law definition, including the concept of forcibly retaining the proceeds of a larceny immediately after the taking. The court was not required to grant defendant's request for an instruction that a particular scenario (corresponding to defendant's testimony) would constitute robbery as a matter of law. On the contrary, whether or not the victim used force immediately after taking defendant's phone was a question of fact for the jury (see People v Gordon, 23 NY3d 643, 652 n4 [2014]), even if it credited defendant's account.
Defendant's claim that the court should have instructed the jury on the justifiable use of deadly physical force to effect an arrest (see Penal Law § 35.30[4][b]) is also unpreserved (see People v Karabinas, 63 NY2d 871, 872 [1984], cert denied 470 US 1087 [1985]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. There is no evidence that defendant stabbed the victim in order to make or facilitate an arrest for robbery.
The court properly ruled that defendant's testimony about not seeking help for the victim as the result of not knowing "how badly he was hurt" opened the door to a question about defendant's knowledge, based on unspecified "prior experience," that the stabbing could result in death. This single, carefully limited question did not reveal to the jury any conduct, lawful or otherwise, by defendant.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 10, 2019
CLERK